UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HAMZAT UMAROV, HAWA UMAROVA, ADAM UMAROV, JUNES UMAROV, and HEDA UMAROVA,<br><br>Plaintiffs,<br><br>v.<br><br>MICHELE MCPHEE, MCPHEE PRODUCTIONS, INC., ABC NEWS, DMG MEDIA LIMITED, THE DAILY MAIL, HEAVY, INC., PAMELA GELLER, NEWS CORP AUSTRALIA, and NEW YORK DAILY NEWS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action 1:16-cv-10235 |

**SHOW CAUSE RESPONSE**

Upon order from this Court dated February 11, 2016, comes now Attorney Mark McMahon to respond to Court's order to show cause as to (a) on what basis he signs pleadings when he is not attorney of record and (b) his good faith basis for asserting diversity jurisdiction in the 'complaint drafted' by [him] when the complaint itself alleges both that the plaintiffs and at least one defendant are residents of Massachusetts."

## A.  SIGNING OF PLEADINGS

Attorney McMahon was hired by Hamzat Umarov to draft a complaint for him, assist him in filing it, and be available to answer questions he may have as litigation took its course, but not to represent him or litigate the case. Numerous ethical opinions, including in the state of Massachusetts, have suggested that it is unethical for an attorney to draft pleadings for a pro se litigant without making his authorship clear, as it tends to confer an unfair advantage, namely that the pleadings will be given the benefit of the relaxed standard afforded to pleadings by pro se litigants. See Massachusetts Bar Association, Ethics Opinion 98-1; see also Michael W. Loudenslager, "Giving Up The Ghost: A Proposal For Dealing With Attorney 'Ghostwriting' of Pro Se Litigants' Court Documents […]," 92 Maquette L. Rev. 103 (2008). Attorney McMahon used Massachusetts District Court Standing Order 1-11: Limited Assistance Representation and Substitute Counsel, Part A(14) as a guide, believing that the approach it prescribed would be harmless if unnecessary.

The Standing Order is not binding in the federal District of Massachusetts, but the attorney believed in the absence of a Local Rule on point, the practice prescribed in the state courts of Massachusetts would either bolster the ethics of the situation or be a needless appendix, but did not believe it would do harm to the client's complaint. While the Standing Order reads "the attorney is not required to sign the pleading," Attorney McMahon interpreted "not required to" to neither require nor prohibit the signing of the pleading.

Based on Local Rule 5.1(a) and Fed. R. Civ. P 11(a), Attorney McMahon believed appending his signature block to the complaint, with clear indicators that he wrote the complaint and that he would not be representing Mr. Umarov in litigation, would at best advance ethical considerations, and at worst be unnecessary.

## B.  GOOD FAITH BASIS FOR DIVERSITY JURISDICTION

Attorney recognizes upon review that assertion of diversity jurisdiction was clearly in error, and upon review no longer believes he has a good faith basis in asserting diversity jurisdiction. Attorney does not know how this oversight occurred, but at the time of filing, mistakenly believed that diversity existed.

           _____/s/_____
Mark K. McMahon, Esq. BBO# 691873
Law Office of Mark K. McMahon
678 Massachusetts Ave., Ste. 702
Cambridge, MA 02139
P: (617) 661-0716
F: (617) 492-5991
Mark@MarkMcMahonLaw.com

Dated: February 19, 2016